GUIDRY, Judge,
dissenting.
I dissent from the majority’s affirmation of the award of “delay damages”. In my opinion, the award lacks an evidentiary foundation and is based on pure speculation. There is no basis in the record for a conclusion that Chambers dropped its 1970s plans for residential development because it became aware that the property was in the proposed, path of 1-49. In the mid-1970s the location of 1-49 in this area had not yet been established or proposed. This is a far cry from the circumstances of Maynard, on which the majority relies. In Maynard, the landowners’ attempt to subdivide was actively opposed by the State. Additionally, in this case, unlike Maynard, the record does not reflect that construction of 1-49 has or will deny Chambers access to their remaining property. Further, Chambers has presumably been compensated by way of severance damages for any loss in value to its remaining property occasioned by reason of its proximity to 1-49. For these reasons, I respectfully dissent.